# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: CV –

| | |
|---|---|
| Kelly Gullingsrud, <br><br>         Plaintiff, <br><br> v. <br><br> Accounts Receivable Management Inc., and Mrs. Summers, individually, <br><br>         Defendants. | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1367 for supplemental state law claims.

2.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## PARTIES

3.  Plaintiff Kelly Gullingsrud is a natural person who resides in the City of Plymouth, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.  Defendant Accounts Receivable Management, Inc. (hereinafter "Defendant ARM") is a collection agency operating from an address of155 Midatlantic Parkway, Thorofare, NJ 80860 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5.  Defendant Mrs. Summers (hereinafter "Defendant Summers") is an employee and agent of Defendant ARM and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.      Sometime prior to October 2005 Plaintiff allegedly incurred a debt with Cross Country Bank, which is a consumer debt as that term is defined by 15 U.S.C. § 1692a(5).

7.      At sometime Cross Country Bank transferred or assigned the debt for collection to Defendants.

8.      Defendant ARM contacted Plaintiff sometime prior to October 2005 at which time Plaintiff and Defendant ARM set up a payment schedule where Plaintiff allowed $50.00 to be taken out of her personal checking account in October, November and December 2005.

9.      Defendant ARM placed a call to Plaintiff prior to 8 a.m. on December 31, 2005, at both her residence and cellular phone in violation of 15 U.S.C. §§ 1692c, 1692d and 1692f.

10.     After the December 2005 payment was made there remained an approximate $783 balance that Plaintiff told Defendant ARM they could take out $50 on January 21, 2006, and then the remaining balance of $733 she would pay in one payment with her anticipated income tax refund proceeds.

11.     Defendant ARM demanded that she issue another postdated check for the balance to be deposited in February 2006.

12.     Plaintiff resisted issuing another postdated check for an amount that she could not guarantee because she had no idea what her tax refund would be until February 2006.

13.     Defendant ARM persisted in badgering Plaintiff about issuing the postdated check for the $733 balance and engaged in unfair and harassing tactic such as calling her cellular phone multiple time per day, which Plaintiff warned Defendant not to do as it cost her minutes in violation of 15 U.S.C. §§ 1692d and 1692f.

-2-

14.   Plaintiff however did finally acquiesce to Defendant ARM's tactics and agreed to issue a postdated check for approximately $733.00 to be taken out of her personal checking account on February 28, 2006.

15.   However, when Plaintiff learned that her tax refund check was going to be less than the $733.00 amount she called Defendant ARM and informed them of the shortage and requested that postdated check be stopped.

16.   On February 26, 2006, Plaintiff called Defendant ARM to make sure that her request to stop the postdated February 28, 2006, check had been honored she was told by Defendant ARM female agent, Tameka that she did not get any request and did not know if it could be done in such a short time, in violation of 15 U.S.C. §§ 1692d and 1692e.

17.   Plaintiff then called her bank to put a stop payment on the February 28, 2006, postdated check to Defendant ARM.

18.   Defendant ARM also called Plaintiff's residence and told Plaintiff's 12 year old daughter to take a message for her mother that it was regarding a "legal matter" with the intention of scaring both Plaintiff and her daughter, in violation of 15 U.S.C. §§ 1692d, 1692e and 1692f, when in fact there was no such legal action pending, considered or otherwise started by Defendant.

19.   On April 5, 2006, Plaintiff received a telephone call from Defendant Summers calling from 800-220-3350 extension 6430, who told Plaintiff that the $733 balance needed to be "paid by Friday April 7 or else charges would be pressed against Plaintiff for a felony," in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(7), 1692e(10) and 1692f.

20.     When Plaintiff inquired what Defendant Summers was talking about she was told that Plaintiff "had committed a felony when she passed a bad check across state lines," referring to the February 2006 postdated check that Plaintiff had stopped payment on, in violation of 15 U.S.C. §§ 1692d, 1692e and 1692f.

21.     Defendant Summers threats and accusations caused Plaintiff emotional distress, anxiety and fear that resulted in her crying and informing her friend who then instructed her to seek legal advice.

22.     Defendant Summers called Plaintiff again on Monday April 10, 2006, at 12:39 p.m. and left a message.

23.     Defendant called again that same day (April 10) at 1:22 p.m. and 6:07 p.m. and did not leave a message either time.

24.     Plaintiff called Defendant Summers back at 6:12 p.m..

25.     Defendant Summers asked Plaintiff if she was calling with her tracking numbers. Plaintiff explained that she was not calling about tracking numbers but that she was calling to tell Defendants that she is being represented by an attorney and they would need to contact him.

26.     Defendant Summers said "so did you file bankruptcy."  Plaintiff attempted to give Defendant Summers her attorney's information but she insisted that Plaintiff answer her about filing bankruptcy.  Plaintiff explained that her attorney said that she needed to call Defendants with his information and Defendants can contact him directly.

27.     Every time Plaintiff attempted to give Defendant Summers her attorney's contact information Defendant Summers would just continue to yell and ask if Plaintiff had filed for bankruptcy protection, in violation of 15 U.S.C. § 1692d.

28.     Defendant Summers then said "why can't you just tell me?  What are you scared to tell me that you filed bankruptcy?  Don't be scared it's not like I can come and get you over the phone." Plaintiff ended the call.

29.     Defendants' illegal conduct has caused Plaintiff mental anguish and worry for herself and her two minor children that she cares for.

30.     All of the conduct in the paragraphs as described above by Defendants constitute violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(7), 1692e(10), and 1692f.

## TRIAL BY JURY

31.     Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7.  Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §1692 et seq

32.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

34.     As a result of Defendants' violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and are therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §

1692k(a)(1); statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §
1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. §
1692k(a)(3) from Defendants.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as
though fully stated herein.

36. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion
and or private concerns or affairs of the Plaintiff.

37. Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in
highly offensive conduct in the course of collecting a debt.

38. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and or private
concerns or affairs.

39. The intrusion by Defendants' occurred in a way that would be highly offensive to a
reasonable person in that position.

40. Defendants have harmed Plaintiff because of such invasions of privacy.

41. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an
amount to be determined at trial from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants for:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each
Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant;

- actual damages from each Defendant for the emotional distress suffered as a result of the FDCPA violations and invasion of privacy in an amount to be determined at trial; and

- for such other and further relief as may be just and proper.

Dated this <u>28th</u> day of April, 2006.          **CONSUMER JUSTICE CENTER, P.A.**


By:  <u>s/Thomas J. Lyons, Jr.</u>
Thomas J. Lyons, Jr., Esq.
Attorney I.D. #0249646
342 East County Road D
St. Paul, Minnesota 55117-1275
Telephone:  (651) 770-9707

Attorney for Plaintiff

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF MINNESOTA          )
                            ) ss
COUNTY OF <u>HENNEPIN          </u>)

I, Kelly Gullingsrud, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.


<u>s/Kelly Gullingsrud                    </u>
Kelly Gullingsrud


Subscribed and sworn to before me
This <u>21</u> day of April, 2006.


<u>s/Tina Adler                    </u>
Notary Public